UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IFEOMA EZEKWO,

                    Plaintiff,

          -against-

ST. PHILLIP NERI, CATHOLIC CHURCH,
BRONX, NEW YORK; RICHARD A.
COPPOLA, ESQ.; REV. MSGR. JOSEPH P.
LAMORTE; JOHN DIBATTISTA;
MONSIGNOR KEVIN SULLIVAN; ARI
ZERVOUDIS; CATHOLIC HOMES JOHN (OR
JANE) DOES 1-10,

                    Defendants.

22-CV-8332 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ifeoma Ezekwo brings this *pro se* action, for which the filing fees have been paid, alleging that Defendants violated her constitutional rights. For the reasons stated below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the Court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n.11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard," *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797

(2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n.3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action alleging that she "has been irreparably harmed and continues to be harmed and must be compensated by the Catholic Church for its actions and damages they caused to Plaintiff." (ECF No. 1 at 3.) She asserts that Defendants' actions "amount to an unnecessary and overbroad regulatory taking of Plaintiff's property for the benefit of a neighboring landowner." (*Id.* at 8.)

Plaintiff accuses Defendants of

acting under color of religion and housing construction in collusion together and severally to others thus affiliated in mischief and common understanding and their secret and sinister intent to cause harm to plaintiffs in their capacities and thus deprive Plaintiffs[1] of their civil rights that are guaranteed them under the constitution of the United States while colluding to cover the illegalities of the Defendant the Catholic Church and its associates and steal Plaintiff's property under the color of law.

(*Id.* at 4.)[2]

Plaintiff describes Defendants' actions as

intentional, reckless and in total and callous disregard for the plaintiffs rights in the matters thereby putting Plaintiffs' home and property in mortal danger and totally stripping them of their civil rights in the process.

(*Id.*)

Plaintiff alleges that Defendants' actions have caused her substantial injuries. Plaintiff asserts that Defendants' actions

brought back floods of memories of the atrocities of the defendant catholic church on Plaintiff that plaintiff saw and knew with Plaintiff's mother handling all of those consequences of the Defendant Catholic priests sexual abuse and rape and sodomy and subsequent pregnancies, abortions, infanticide causing Plaintiff to be

---

[1] Plaintiff Ifeoma Ezekwo is the only Plaintiff listed in the caption of the case, but she does refer to her husband, Mr. Samuel Ezekwo, as the "co-owner of the subject property," (*id.* at 1) and uses both "Plaintiff" and "Plaintiffs" throughout the complaint.

[2] The Court quotes the complaint verbatim. All spelling, punctuation and grammar are as in the original.

> mentally sexually traumatized of these childhood memories as well as living
> under the constant fear of mental sexual traumatization in childhood and beyond
> not to talk of fear of losing her mother who is dealing directly with all of these
> atrocities of the defendant the Catholic church and their cronies.

(*Id.* at 14.)

Plaintiff further alleges that

> Defendant Catholic Church's harassment and their hostile intent to take Plaintiff's
> property and following her around have caused her severe humiliation, mental
> anguish and severe emotional distress. Their libel and slander of Plaintiff and
> invasion of Plaintiff's privacy without any reason whatsoever calls for full
> investigation and damages as the Defendants have inflicted irreparable harm on
> Plaintiff by their actions.

(*Id.* at 16.)

Plaintiff seeks one billion dollars in monetary damages, as well as injunctive and

declaratory relief.

A review of the Public Access to Court Electronic Records (PACER) system shows that,

from July 14, 1993, through May 3, 2022, Plaintiff filed 17 actions in the United States District

Court for the District of New Jersey. *See, e.g., Ezekwo v. Judge Adam Jacobs*, 3:22-CV-2980

(MAS) (LHG) (filed May 23, 2022, pending); *Ezekwo v. City of Paterson*, 1:22-CV-1287 (RMB)

(SAK) (D.N.J.) (filed Mar. 8, 2022, pending); *Ezekwo v. Pennymac Bank*, 1:21-CV-18129

(RMB) (AMB) (D.N.J.) (filed Oct. 5, 2021, pending).

A review of PACER also shows that, from December 15, 1995, through September 29,

2022, Plaintiff filed six other actions in this court. *See Ezekwo v. OPMC*, ECF 1:22-CV-7684, 1

(S.D.N.Y. filed Sept. 7, 2022); *Ezekwo v. OPMC*, ECF 1:21-CV-5426, 2 (S.D.N.Y. July 22,

2021) (dismissing as duplicative); *Ezekwo v. St. Phillip Neri, Catholic Church*, ECF 1:21-CV-

2175, 2 (S.D.N.Y. Mar. 19, 2021) (dismissing as duplicative); *Ezekwo v. OPMC*, ECF 1:21-CV-

1274, 7 (S.D.N.Y. July 23, 2021) (dismissing complaint for failure to state a claim and as barred

by the doctrine of absolute judicial immunity, Eleventh Amendment immunity, and sovereign

immunity, and denying Plaintiff's motion for recusal and dismissing Plaintiff's claims against

the undersigned as barred by the doctrine of absolute judicial immunity and as frivolous);

*Ezekwo v. St. Phillip Neri, Catholic Church*, ECF 1:20-CV-9505, 5 (S.D.N.Y. Apr. 26, 2021)

(dismissing the amended complaint for failure to state a claim and because the amended

complaint asserted claims against defendants who are immune from suit); *Ezekwo v. Am. Bd. of

Int. Med.*, ECF 1:95-CV-10625, 44 (S.D.N.Y. June 30, 1998) (granting defendants' motion for

summary judgment), *appeal denied*, No. 98-9047 (2d Cir. Apr. 20, 1999).

## DISCUSSION

The claims Plaintiff seeks to raise in this complaint are barred by the doctrine of claim

preclusion. Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may

not bring a new case that includes claims or defenses that were or could have been raised in an

earlier case in which the same parties were involved if that case resulted in a judgment on the

merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from

relitigating claims against a defendant that it lost in a previous action against the same defendant

and claims that the plaintiff could have brought in that earlier action but did not." *Marcel

Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The

doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and]

also fosters judicial economy and protects the parties from vexatious and expensive litigation.'"

*Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion

generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier

action involved the same counterparty or those in privity with them; and (iii) the claim sought to

be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether

the present claim arises out of the same transaction or series of transactions asserted in the earlier

action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts

essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d

1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by

asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d

150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

 Although claim preclusion is an affirmative defense to be pleaded in a defendant's

answer, *see* Fed. R. Civ. P. 8(c), a court may, on its own initiative, raise the issue, *see, e.g.*,

*Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on

grounds of issue preclusion even though defendant failed to plead that defense, and noting that

"principles of preclusion involve" not only "the rights and interests of the parties," but also

"important interests of the public and the courts in avoiding repetitive litigation and potentially

inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte*

application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992

F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does

not deprive a court of the power to dismiss a claim on that ground.").

 The elements of claim preclusion are satisfied here. The events in Plaintiff's complaint

have already been raised and adjudicated in the prior action. In fact, the Court notes that pages 1

through 18 of the complaint in this case are nearly identical to the amended complaint in *Ezekwo

v. St. Phillip Neri, Catholic Church*, ECF 1:20-CV-9505, 5, and repeat all of the claims raised in

that action. Because Plaintiff's present claims arise out of the same transactions and occurrences

that were the subject of the previous action in this court, her claims either were brought or could

have been brought in the prior proceeding and are therefore barred by the doctrine of claim

preclusion.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## WARNING

In light of Plaintiff's history of filing repetitive and duplicative actions in this court, as detailed above, she is warned that further duplicative or frivolous litigation in this court may result in an order barring Plaintiff from filing any new actions in this court without first seeking permission of the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint is dismissed as barred by the doctrine of claim preclusion.

Plaintiff's request for summonses (ECF No. 2) is denied. All other matters are terminated.

Plaintiff is warned that further duplicative or frivolous litigation in this court may result in an order barring Plaintiff from filing any new actions in this court without first seeking permission of the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   January 13, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge